[Crim. No. 2528.   Second Appellate District, Division Two.—May 31, 1934.]

THE PEOPLE, Respondent, v. JAMES KEMP, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendant was convicted of rape and incest. Four counts charged him with rape committed upon the person of a niece and the remaining four counts charged the same acts as incest. At the time of the commission of two of the acts the niece was sixteen years of age, and on the other two occasions she was seventeen. The jury recommended confinement in state prison as to each count of rape. Sentence was imposed on all eight counts and was ordered to run concurrently.

In March of 1932 the complaining witness, then sixteen years old, came from her home in Tennessee to reside with her uncle, the defendant, in California. She remained here until December of that year, when she returned to Tennessee. Four months thereafter she gave birth to a child, and in June of 1933 returned with her child to California. A few weeks later the child died, but the girl continued living with defendant, until October, 1933. During the entire time she was living with defendant, and particularly on the dates charged in the information, the witness testified that repeated acts of sexual intercourse took place between them.

Upon cross-examination the prosecutrix was asked certain questions as to the physical appearance of the child born to her, and objection on the ground that it was not material was sustained. A question to a former housekeeper whether she had seen a certain young man call on the prosecutrix was similarly excluded. During the lengthy examination of defendant and of witnesses called on his behalf an opportunity was afforded to fully cover all of the elements of defendant's case upon which he relied for acquittal; and there is nothing in the record to indicate that answers to the above questions would have affected the jury's verdict even if answered in a manner most favorable to defendant. Objections were properly sustained to certain other questions asked by defense counsel which merely sought to elicit hearsay testimony.

■ Appellant contends that he was denied an opportunity to establish the alleged fact that he was physically impotent and therefore incapable of committing the acts charged. The record shows that defense counsel asked the defendant a question calling for a mere conclusion, to which objection was properly sustained. Counsel then started to "make an offer of proof", but the court stated it did not wish to hear any offer of proof or any argument, and added, "If you want to ask any questions go ahead, and I will rule on the objections." Thereupon defense counsel asked but one question: "Are you the father of Mamie's child?" to which defendant replied without objection, "I am not."

The trial court did not preclude defendant from offering testimony by himself or any competent witness to establish his physical condition at the time of the acts complained of. It merely directed counsel as to the usual and proper course to be followed to establish the point in issue. An offer of proof is not timely until a proper question has been asked tending to elicit the information sought and an objection has been interposed to the question and has been sustained.

■ The trial court gave the following instruction, among others: "The court instructs the jury that a female person under the age of eighteen years is declared by the law incapable of consenting to an act of sexual intercourse, and if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant had and accomplished an act of sexual intercourse with and upon the person of the prosecutrix as charged in the information, and that the prosecutrix was, at the time said act of sexual intercourse was had and accomplished, under the age of eighteen years, and was not then the wife of the defendant, then you should find the defendant guilty, *for in such case it would be wholly immaterial whether the said prosecutrix consented to said act of sexual intercouse or not.*" Appellant urges that the italicized portion should not have been given because "complaining witness's character for chastity was put in issue and the instruction was therefore erroneous under the facts of the case". The instruction correctly stated the law as to the charges of rape and was properly given. As to the charges of incest, while the instruction was obviously not intended to apply to those counts, it was not prejudicial

in view of the fact that the relationship of uncle and niece between defendant and prosecutrix was admitted. Other instructions were given which clearly and correctly stated the law as to the charges of incest.

Defendant offered no instructions, but cites as error the action of the trial court in striking out a portion of an instruction, to the effect that the testimony of a witness should be viewed with distrust where such witness makes conflicting statements or is shown to be deliberately untruthful in some portions of his testimony. The instruction as given correctly stated the law and the portions deleted "involve the statement of a mere commonplace or the statement of a proposition which every person of common sense knows or ought to know" (*People* v. *Delucchi*, 17 Cal. App. 96, 110 [118 Pac. 935]). Their omission cannot be said to have misled or confused the jury.

Two months prior to the trial date appellant moved the court to appoint a doctor to examine the mental and physical condition of the prosecutrix and filed supporting affidavits. The motion was ordered off calendar and was not renewed. This is a matter which was in the discretion of the trial court and there is nothing in the record to indicate that such discretion was abused, or that the witness was not competent to testify at the trial.

Appellant contends that the prosecutrix was an accomplice of defendant in the crimes of incest if the acts testified to occurred, and therefore her testimony required corroboration. Being under the age of eighteen the prosecutrix was not an accomplice and corroboration was not required. As the court stated in *People* v. *Stoll*, 84 Cal. App. 99 [257 Pac. 583] : "If the female is the victim and has not wilfully and willingly joined in the act, she is not an accomplice, and under our statutes being under the age of legal consent to such an act, regardless of her actual consent thereto, she cannot be said as a matter of law to have wilfully and willingly joined in the intercourse." (*People* v. *Johnson*, 115 Cal. App. 704 [2 Pac. (2d) 216] ; *People* v. *Hobday*, 131 Cal. App. 626 [21 Pac. (2d) 1008].)

The motion for a new trial was properly denied. To support the motion on the ground of newly discovered evidence an affidavit was filed containing matters which

merely tended to contradict the prosecutrix, and· there was no showing that this witness, sister of appellant, could not have been produced at the trial or that any effort was made to so produce her.

Judgment and order affirmed.

Stephens, P. J., and Desmond, J., concurred.