[Crim. No. 3566. Second Dist., Div. One. June 10, 1942.]

THE PEOPLE, Respondent, v. CLARENCE HYCHE, Appellant.

Maurice A. Gleason for Appellant.

Earl Warren, Attorney General, and Eugene M. Elson, Deputy Attorney General, for Respondent.

WHITE, J.—In an information filed by the District Attorney of Los Angeles County, appellant was accused of violating the provisions of section 288 of the Penal Code. Following entry of a not guilty plea, he was tried before the court sitting without a jury and found guilty. A motion for a new trial was denied, and this appeal is prosecuted from such order of denial and the judgment of conviction.

Stating the proven facts in the light most favorable to the prosecution, as we are required to do following a verdict or decision of guilt, we find in the record evidence that the prosecutrix, a ten-year-old girl, on August 26, 1941, was seated with a girl friend in the Slauson Playground, watching a croquet game. Defendant was standing in back of the girls, leaning against a fence. It appears from the testimony that the two girls were sitting upon board seats, and the defendant shortly thereafter seated himself opposite them on the other side of the seats. The children were sitting on the top row and the defendant was sitting on the bottom seat. He commenced a conversation with the girls, asking them if they were sisters. The complaining witness was suffering from a sore jaw, and the defendant asked her several times about it and how the injury had occurred. He then put twenty cents in the hand of the prosecutrix, held her hand tightly, and then put his right hand on her leg below her knee, asking

her if she cared, to which she made no reply. Defendant then put his hand further up under her dress, asking if "Mona Lee" (the name of the prosecutrix' girl companion) "would let him." The complaining witness testified that defendant put his hand "quite a ways up my dress" and upon her bare skin. While engaged in these acts defendant admonished the children not to tell anyone. About that time a woman passed by with a dog, whereupon defendant left to get into his automobile. Just as he was about to start the vehicle, Mrs. Clara S. Keeler, chief director of the playground, came upon the scene and asked defendant what his idea was in giving the girl the money, to which he replied that the child had asked for it. In answer to the query of Mrs. Keeler, defendant stated that he had heard the children state that they were hungry and that he gave them the money with which to purchase something to eat. Upon her return home, the prosecutrix complained to her mother, as a result of which defendant was apprehended. The foregoing testimony of the prosecutrix was corroborated by her companion, who testified that she saw defendant put his hands on the complaining witness' knee and thereafter move his hands up under her dress.

In his own behalf, defendant testified that he was a crane operator employed by the Bethlehem Steel Company. He said that he was passing by the playground and saw "activities going on"; that he had nothing particular to do, so he stopped and watched the croquet game for a few minutes, after which he went over and watched a ball game. He admitted sitting upon a seat in the grandstand and said that he had been there but a few minutes before the girls in question arrived. He testified that they engaged him in conversation, telling him that they were going to have a play that afternoon and did not want to go home to eat; that they were hungry; that the older girl seemed about to cry because her face was hurt; that he asked her what was wrong and was informed that she was suffering from a gumboil. He further testified that the children left the vicinity in which he was seated on three separate occasions, telling him they were starting for home, but each time they returned; that the prosecutrix told him she wished she had a dime so that she could eat, whereupon he gave her twenty cents. He denied touching the complaining witness in the manner testified to by her and her companion.

██ It is first contended that the record is barren of any

proof that the conduct and actions of the defendant were coupled with the intent specified in section 288 of the Penal Code. This claim is devoid of merit. The intent or intention with which an act is done is manifested by the circumstances surrounding the same. Even though a reviewing court might be of the opinion that the circumstances could also be reasonably reconciled with defendant's innocence, it may not interfere with the determination of the trial court or jury if the same circumstances reasonably justify the verdict of the jury or decision of the court. In the case at bar the evidence is clearly sufficient to justify the trial judge's conclusion that the acts of the defendant were done with the intent upon his part of arousing, appealing to, or gratifying the lust, passions or sexual desires of himself or his victim. The conduct of the defendant is typical of the behavior of this type of sexual pervert, viz., offering money or gratuities of some kind to the child; inquiring as to her relationship with her companion; solicitude for her wellbeing and health; then the stealthy approach toward fondling the child by placing his hands upon her limb at a point around the knee; inquiring as to her attitude toward such conduct; and finally moving his hand up on the child's leg until he was touching her bare skin at a point "quite a ways up my dress"; and admonishing her not to tell anyone what had occurred. The experience of recognized authorities who work in the field of psychiatry as applied to sex abnormalities is authority for the statement that similar characteristics are present in the majority of people who resort to perverted conduct for the gratification of their sexual and sensual desires. The inferences arrived at and the deductions made by the trial judge as to the defendant's intent and purpose under the facts here presented were reasonably and amply justified by the evidence.

█ Finally, appellant asserts that "the verdict and decision of the court are contrary to law, for the reason that he did not have a fair trial in that Mona Lee was coached by Mrs. Keeler and Mrs. Sparks as to what she would testify." This argument is predicated upon affidavits filed in support of a motion for a new trial. The purport of the affidavits is that the affiants therein named heard Mrs. Keeler tell one of the child witnesses for the prosecution, "Remember what I told you to say and that he gave her twenty cents," and that after the child had completed her testimony and returned from the courtroom, she said to Mrs. Sparks, "They did not

cross me up although they tried but couldn't. I told what you told me to say.'' Certainly no prejudice resulted to appellant if it be conceded that the child was told to testify that he had given the complaining witness twenty cents, because he himself admitted and testified that he did give money to the children. ■ It may also be conceded that the statements contained in the affidavits would tend to impeach the particular child witness named therein, who was not the prosecutrix, but we are not apprised, nor was the trial court, of any showing that the evidence referred to in the affidavits could not with due diligence have been produced at the trial, or that any effort was made to produce it. The motion for a new trial on the ground of newly discovered evidence was therefore properly denied. (*People* v. *Kemp,* 139 Cal. App. 48, 52, 53 [34 P. (2d) 502].)

The judgment and the order by which the defendant's motion for a new trial was denied are, and each is, affirmed.

York, P. J., and Doran, J., concurred.