[Nos. D026400, D027892. Fourth Dist., Div. One. Nov. 19, 1997.]

In re JERRY M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JERRY M., Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II D and II E.

**COUNSEL**

John Lanahan, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Janelle M. Boustany and Jean Hume, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**McDONALD, J.**—The juvenile court found 11-year-old appellant Jerry M. (Jerry) came within the provisions of Welfare and Institutions Code section

602 after finding true the allegations that he had committed four counts of violating Penal Code[2] section 288, subdivision (a), one count of violating section 417, subdivision (a), and one count of violating section 242. On appeal from that judgment[3] Jerry argues: (1) he cannot violate section 288, subdivision (a) if he is younger than the victim; (2) the evidence was insufficient to support a finding he knew the wrongfulness of his conduct; (3) the petition allegations of violating section 288, subdivision (a) should have been dismissed in the interests of justice; and (4) he was denied effective assistance of counsel. This court requested supplemental briefing on the additional issue of the sufficiency of the evidence to establish the intent required for violation of section 288, subdivision (a).

I

FACTS[4]

A. *Offenses Against Christopher R.*

*Misdemeanor Battery (§ 242—Count 10):*

In March 1996 nine-year-old Christopher R. was building a fort with his babysitter when Jerry walked by. Christopher greeted Jerry and Jerry told him, "don't talk to me, don't talk at all." When Christopher said no, Jerry grabbed him by the neck and threw him against a tree.

*Misdemeanor Exhibiting a Weapon in a Threatening Manner (§ 417, subd. (a)—Count 9):*

In April 1996 Jerry asked Christopher to give him Christopher's ice cream money. When he refused, Jerry displayed a small pocket knife, and Christopher fled.

---

[2]All further statutory references are to the Penal Code unless otherwise specified.

[3]In appeal No. D026400 Jerry challenges the true findings and wardship adjudication entered on June 25, 1996. Jerry also filed a notice of appeal (No. D027892) from a December 5, 1996, order entered after a review hearing at which Jerry was continued as a ward under Welfare and Institutions Code section 602. Appeal No. D027892 was consolidated with appeal No. D026400. However, because no appellate claims of error regarding the order appealed from in appeal No. D027892 are raised, we deem that appeal to be abandoned and order it dismissed. (*Berger* v. *Godden* (1985) 163 Cal.App.3d 1113, 1119-1120 [210 Cal.Rptr. 109].)

[4]Although the petition alleged Jerry had committed numerous criminal violations, we detail the evidence relating only to those counts on which true findings were entered.

B. *Offenses Against Clair S.*

*Felony Lewd Touching of Victim Under 14 Years of Age (§ 288, subd. (a) —Count 7):*

In March 1996 12-year-old Clair S. was talking with friends when Jerry approached the group and without Clair's permission squeezed her breasts through her shirt.

*Felony Lewd Touching of Victim Under 14 Years of Age (§ 288, subd. (a) —Count 8):*

In April 1996 Jerry borrowed Clair's bike. When she requested its return Jerry told her he would not return it unless she showed him her breasts. Clair initially refused to show him her breasts, but when he continued to withhold return of her bike she complied with his demand. Although Clair denied at trial that Jerry touched her breasts on that occasion, Detectives Shelby and Reyes testified Clair had told them Jerry had done so.

C. *Offense Against Stephanie T.*

*Felony Lewd Touching of Victim Under 14 Years of Age (§ 288, subd. (a) —Count 3):*

In May 1996 13-year-old Stephanie T. was standing near her apartment complex's mail boxes when Jerry approached her, touched her breasts with his fingertips and stated, "those grew" or "those feel good." She told him "no" and backed away from him.

D. *Offense Against Sonia E.*

*Felony Lewd Touching of Victim Under 14 Years of Age (§ 288, subd. (a) —Count 6):*

In May 1996 12-year-old Sonia E. was on the steps of her apartment building when Jerry asked her if she was "flat." She ignored the question and Jerry put his hands under her T-shirt and bra and touched her breasts with his fingertips.

E. *Jerry's Knowledge of Wrongfulness*

Jerry's mother had told Jerry it was wrong to touch girls in certain places. He appeared to understand that "grabbing girls' chests," "punching" another child and "throwing" another child to the ground were wrong actions. At the

time of the offenses, Jerry was between 11 years and 2 months and 11 years and 4 months of age.

II

ANALYSIS

### A. *The Section 288, Subdivision (a) Claim*

■ Jerry claims his conduct did not violate section 288, subdivision (a) because that section is not violated if the perpetrator is younger than the victim. Section 288, subdivision (a) provides: "Any person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body . . . of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony . . . ."

Jerry concedes the statute on its face proscribes conduct by all persons without regard to age. However, Jerry cites *Planned Parenthood Affiliates* v. *Van De Kamp* (1986) 181 Cal.App.3d 245 [226 Cal.Rptr. 361] (*Planned Parenthood*) in which the court stated section 288, subdivision (a) was intended to apply only to molestation of "sexually naive children by adults or older minors who do not suffer from the legal disability on their understanding of sexual acts." (*Planned Parenthood, supra,* at p. 276.) However, *Planned Parenthood* evaluated a different issue: Did the reporting requirements of "Child Abuse and Neglect Reporting Act" (§ 11164 et seq.) apply? That act compelled health professionals to report cases in which they suspected a child was a victim of a section 288, subdivision (a) offense. The *Planned Parenthood* court evaluated whether reports would be required when the sexual activity involved consensual acts by partners who were both under the age of 14. It held the reporting statutes were inapplicable to consensual conduct of persons under the age of 14 in part because both participants would be deemed legally incapable of consenting to the activity, both would be "victims" and neither could be reported as a perpetrator. (*Planned Parenthood, supra,* at pp. 273-276.)

Certainly, *Planned Parenthood* contains dictum that a 13-year-old "is probably legally incapable of violating section 288." (181 Cal.App.3d at p. 273.) However, several courts have since concluded that sub-14-year-old minors can violate section 288, subdivision (a). In *In re Billie Y.* (1990) 220 Cal.App.3d 127 [269 Cal.Rptr. 212] (disapproved on other grounds in *In re Manuel L.* (1994) 7 Cal.4th 229, 239, fn. 5 [27 Cal.Rptr.2d 2, 865 P.2d 718]), the court concluded a 13-year-old could violate section 288, subdivision (a)

if he understood the wrongfulness of his conduct and otherwise acted with the requisite intent. The *Billie Y.* court rejected the argument that under *Planned Parenthood* a sub-14-year-old cannot be responsible for violating section 288, subdivision (a), noting the plain language of the statute did not preclude applying the statute to sub-14-year-old minors, and further noting *Planned Parenthood* dealt with the different issue of whether *consensual* relations between sub-14-year-old minors violated section 288, subdivision (a). *(In re Billie Y., supra,* at pp. 130-133.)

The court in *In re Paul C.* (1990) 221 Cal.App.3d 43 [270 Cal.Rptr. 369] reached the same conclusion as the *Billie Y.* court and stated: "[A] minor under age 14 may be adjudged responsible for having committed [a violation of section 288, subdivision (a)] upon clear proof of the minor's knowledge of wrongfulness as required by section 26." *(Id.* at p. 49.) The *Paul C.* court relied in part on the holding of *In re Gladys R.* (1970) 1 Cal.3d 855 [83 Cal.Rptr. 671, 464 P.2d 127], in which the Supreme Court concluded a 12-year-old could violate former section 647a, which the court quoted as: " 'Every person who annoys or molests any child under the age of 18 is a vagrant.' " (1 Cal.3d at p. 867.) Because the *Gladys R.* court concluded the "[e]very person" language applied to sub-14-year-old minors, and the "any person" language of section 288 was essentially the same, the *Paul C.* court concluded the "any person" language of section 288 applied to sub-14-year-old minors. The *Paul C.* court, rejecting the appellant's reliance on *Planned Parenthood,* reasoned: "*Planned Parenthood* suggests an under-14 minor cannot know of the wrongfulness of conduct violating section 288 because such a minor is legally incapable of consenting to an act violating section 288. *(Planned Parenthood, supra,* 181 Cal.App.3d at pp. 273-274.) However, the prohibition on consent as a defense to a violation of section 288 is a categorical legal prohibition, in the nature of a salutary legal fiction, adopted for the protection of children under age 14. [Citation.] The prohibition does not mean that such children are in fact incapable of understanding sexual conduct. [Citation.] Nor does the prohibition mean that minors under age 14 are incapable of knowing the wrongdoing of their sexual conduct. 'A person under age 14 is not conclusively presumed incapable of committing a violation of Penal Code section 288. It is not all that unusual for mature children age 13 or younger sexually to molest children even younger than they knowing it is wrong to do so.' [Quoting *People* ex rel. *Eichenberger* v. *Stockton Pregnancy Control Medical Clinic, Inc.* (1988) 203 Cal.App.3d 225, 248 [249 Cal.Rptr. 762] (conc. opn. of Puglia, P. J.)] 'That an act is usually committed by adults against children, is made criminal for the protection of children, and requires a minor as victim, does not mean that the act cannot be performed by a minor.' [Quoting *In re John L.* (1989) 209 Cal.App.3d 1137, 1140 [257 Cal.Rptr. 682].]" *(In re Paul C., supra,* 221 Cal.App.3d at p. 51.)

We agree with *Paul C.*'s and *Billie Y.*'s rejection of the dictum in *Planned Parenthood* and their conclusion that as a matter of statutory construction nothing in section 288, subdivision (a) precludes a minor under 14 years of age from violating that statute. Jerry points out that *Paul C.* and *Billie Y.* involved defendants older than the victims, and because there are no cases applying the statute to defendants younger than the victims we should superimpose a requirement that the perpetrator be older than the victim. However, to both quote and paraphrase the *Paul C.* court: "[W]hile we think the dearth of direct authority may be useful as a reflection of prudent prosecutorial discretion, it is not useful as tending to state a rule of law." The dearth means simply that cases involving minors younger than the victim have not been decided by the appellate courts in published opinions. (*In re Paul C.*, *supra*, 221 Cal.App.3d at p. 51.)

We are presented no sound reason to hold that a statute otherwise applicable to an 11-year-old perpetrator becomes inapplicable merely because the victim is a 13-year-old child rather than a 10-year-old child. Because the 13-year-old and the 10-year-old are equally protected by the statutory classification and are equally victimized, we decline to place a judicial gloss of "older perpetrator" on a statute which does not impose that requirement.[5]

B. *Sufficiency of the Evidence—Knowledge of Wrongfulness*

█ When a child under the age of 14 years is charged with criminal offenses, he may not be found guilty of those offenses unless the prosecution proves the child understood the wrongfulness of his conduct. (§ 26; *In re Manuel L.*, *supra*, 7 Cal.4th at pp. 232-239.) The understanding of wrongfulness must be shown by "clear and convincing" evidence. (*Ibid.*)[6] On appeal from the true findings, we must affirm an implied finding that the

[5]The structure of section 288 also militates against imposing the "older than the victim" interpretation urged by Jerry. Subdivision (a) of that section does not impose that condition. Subdivision (c)(1) of that section, however, provides that when a perpetrator commits an act proscribed by subdivision (a) on a 14- or 15-year-old victim, and the perpetrator is "at least ten years older than the child," he is guilty of a public offense carrying a lesser punishment than prescribed for violation of section 288, subdivision (a). When the Legislature uses a term or phrase in one part of a statute but excludes it from another part, the courts should not imply the missing phrase into the sections from which it was excluded. (*Pasadena Police Officers Assn.* v. *City of Pasadena* (1990) 51 Cal.3d 564, 576 [273 Cal.Rptr. 584, 797 P.2d 608].) If the Legislature had intended to include an "older than the victim" requirement in subdivision (a), it has shown it is capable of expressing that intent.

[6]Jerry argues section 26 adds an element to the offense which must be proved beyond a reasonable doubt as required by *In re Winship* (1970) 397 U.S. 358, 364 [90 S.Ct. 1068, 1072-1073, 25 L.Ed.2d 368]. The identical argument was made to and rejected by the *Manuel L.* court (*In re Manuel L.*, *supra*, 7 Cal.4th at pp. 236-239), and we may not disregard controlling authority from our Supreme Court. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

juvenile understood the wrongfulness of his conduct if the implied finding is supported by substantial evidence.[7] (*In re Cindy E.* (1978) 83 Cal.App.3d 393, 398-399 [147 Cal.Rptr. 812]; *In re Marven C.*, *supra*, 33 Cal.App.4th at pp. 486-487.)

■ When an appellant asserts there is insufficient evidence to support the judgment, our review is circumscribed. (*People* v. *Stanley* (1995) 10 Cal.4th 764, 792-793 [42 Cal.Rptr.2d 543, 897 P.2d 481].) We review the whole record most favorably to the judgment to determine whether there is substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could have made the requisite finding under the governing standard of proof. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]; *Jackson* v. *Virginia* (1979) 443 U.S. 307, 317-320 [99 S.Ct. 2781, 2788-2790, 61 L.Ed.2d 560].) The trier of fact, not the appellate court, must be convinced of the defendant's guilt, and if the circumstances and reasonable inferences justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant reversal of the judgment. (*People* v. *Bean* (1988) 46 Cal.3d 919, 932-933 [251 Cal.Rptr. 467, 760 P.2d 996].) This standard of review applies with equal force to claims that the evidence does not support the determination that a juvenile understood the wrongfulness of his conduct. (*In re Paul C.*, *supra*, 221 Cal.App.3d at p. 52.)

■ In determining whether the minor knows of the wrongfulness of his conduct, the court must often rely on circumstantial evidence (*In re Tony C.* (1978) 21 Cal.3d 888, 900 [148 Cal.Rptr. 366, 582 P.2d 957]) including the minor's age, experience and understanding, as well as the circumstances of the offense including its method of commission and concealment (*In re Marven C.*, *supra*, 33 Cal.App.4th at p. 487). The offenses here were committed two to four months after Jerry turned eleven years old. There was evidence Jerry was told and knew of the wrongfulness of his acts: His mother had told him it was wrong to touch girls in certain places, and he appeared to understand it was wrong to touch girls' breasts or attack other children. Furthermore, the trier of fact could infer Jerry was aware of the

---

[7]Jerry argues our review is governed not by the deferential substantial evidence test but by the de novo standard of review, citing *In re Michael B.* (1975) 44 Cal.App.3d 443, 446 [118 Cal.Rptr. 685]. However, the *Michael B.* court did not purport to use the de novo standard and thereby usurp the role of the trier of fact, but instead found that the evidence in that case fell "far short" of showing knowledge of wrongfulness. The *Michael B.* court reversed because "[n]o such substantial evidence was presented," thus employing rather than eschewing the deferential substantial evidence standard of review applicable to such issues. (*Id.* at p. 446; see also *In re Marven C.* (1995) 33 Cal.App.4th 482, 486-487 [39 Cal.Rptr.2d 354] [using substantial evidence standard to review finding of knowledge of wrongfulness].)

wrongfulness from the circumstances of the offenses. In each case, when the target of Jerry's advances verbally declined or resisted he refused to accept her rebuffs; he even resorted to extorting one victim into complying with his demands. A trier of fact could infer from this evidence that Jerry was aware of the wrongfulness of his conduct.

### C. *Sufficiency of the Evidence—Intent*

 Although we have determined there was sufficient evidence to support the finding that Jerry knew of the wrongfulness of his acts, a more difficult issue is whether there was sufficient evidence to support the finding of intent required to constitute a violation of section 288, subdivision (a). Violation of section 288, subdivision (a) requires the specific intent of arousing the sexual desires of either the perpetrator or the victim. (*People* v. *Martinez* (1995) 11 Cal.4th 434, 444, 452 [45 Cal.Rptr.2d 905, 903 P.2d 1037]; see generally, 2 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Crimes Against Decency and Morals, § 788, pp. 892-893.) Because the requisite specific intent is an element of the crime it must be proved beyond a reasonable doubt. (Welf. & Inst. Code, § 701; see *In re Manuel L.*, *supra*, 7 Cal.4th at p. 236.)

 The People do not contend that Jerry's touching was for the purpose or with the intent of arousing the sexual desires of any of the three girls. The focus therefore is whether substantial evidence supports a finding beyond a reasonable doubt that Jerry's touching was with the intent to satisfy his sexual desires.

 Because intent can seldom be proved by direct evidence, it may be inferred from the circumstances. (See *People* v. *Martinez*, *supra*, 11 Cal.4th at p. 445; see generally, 2 Witkin & Epstein, Cal. Criminal Law, *supra*, Crimes Against Decency and Morals, §§ 789, 790, pp. 893-894.) Circumstances which have been considered relevant to proving intent to satisfy sexual desires include: the charged act, extrajudicial statements, the relationship of the parties, other acts of lewd conduct, coercion or deceit used to obtain the victim's cooperation, attempts to avoid detection, offering of a reward for cooperation, a stealthy approach to the victim, admonishment of the victim not to disclose the occurrence, physical evidence of sexual arousal and clandestine meetings. (See *People* v. *Martinez*, *supra*, at p. 445; *People* v. *Hyche* (1942) 52 Cal.App.2d 661, 664 [126 P.2d 885]; *People* v. *Hobbs* (1952) 109 Cal.App.2d 189, 192 [240 P.2d 411]; *People* v. *Piccionelli* (1959) 175 Cal.App.2d 391, 394 [346 P.2d 542]; *In re Billie Y.*, *supra*, 220 Cal.App.3d at pp. 129-130; *In re Paul C.*, *supra*, 221 Cal.App.3d at p. 54.) To this list must be added, in our view, the age of the defendant. As noted in

*Paul C., supra*, at page 53, which quoted from *Cindy E., supra*, 83 Cal.App.3d at page 399, and which is paraphrased here, the closer the minor approaches the age of 14 years, the more likely the minor understands the wrongfulness of his acts within the meaning of section 26. Conversely, the more distant the age of the minor below the age of 14 years, the less likely the minor understands the wrongfulness of his acts. Similarly, the younger the minor the less likely his acts are with the specific intent of sexual arousal. At some age younger than 14 years, which we need not determine in this case, the minor cannot as a matter of law have the specific intent of sexual arousal.

 Based on our review of the entire record in this case in the context of the factors to be considered to determine if there was substantial evidence Jerry touched Clair S., Stephanie T. and Sonia E. with the specific intent sexually to arouse himself, we conclude the People did not sustain its burden of proof: A rational trier of fact could not conclude beyond a reasonable doubt that Jerry acted with the specific intent sexually to arouse himself.

In reaching this conclusion we are persuaded by the following factors. Jerry was 11 years old and there is no evidence he had reached puberty. There is no evidence of sexual arousal. (Cf. *In re Paul C., supra*, 221 Cal.App.3d at p. 54 [defendant 13½ years old had an erection at time of offense].) Each of the minor victims knew Jerry; his conduct was in public, during daytime in the presence of others; and there was no attempt or opportunity to avoid detection. There was no clandestine activity preceding the touching, no stealthy approach or modus operandi and no admonishment to the victims not to disclose the occurrence. There was no attempt to prolong the touching beyond the initial momentary contact; there was no caressing. The record shows Jerry was a brazen 11-year-old whose conduct was more consistent with an intent to annoy and obtain attention than with sexual arousal. Under these circumstances Jerry was perhaps guilty of battery (§ 242), but the record does not support a true finding beyond a reasonable doubt of conduct intended sexually to exploit a child—the "gist" of section 288, subdivision (a). (See *People* v. *Martinez, supra*, 11 Cal.4th at p. 444.)

D., E.*

. . . . . . . . . . . . . . . . . . . . . . . . .

## Disposition

The true findings of four counts of violating section 288, subdivision (a) in appeal No. D026400 are reversed. In all other respects the judgment in

*See footnote 1, *ante*, page 289.

appeal No. D026400 is affirmed. The appeal from the December 5, 1996, order in appeal No. D027892 is dismissed.

Benke, Acting P. J., and McIntyre, J., concurred.