Filed 2/9/24  P. v. Vasquez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JOSE VASQUEZ, JR.,<br><br>      Defendant and Appellant. | C098991<br><br>(Super. Ct. No. CRF20-0003062) |

Condition No. 17 of defendant Jose Vasquez, Jr.'s, probation provided he was not to associate with females under the age of 18 years unless accompanied by an unrelated responsible adult (condition No. 17).  Defendant's probation officer learned defendant's minor female cousins were coming to the house where defendant lived with his parents for a weekend visit.  She cautioned defendant that he would violate his probation if he was at the residence when they visited.  The next day, deputies found defendant at the residence, in the backyard in front of a tent, when the girls were also at the residence.  The trial court found defendant violated condition No. 17 and revoked probation.

1

Defendant asserts there was insufficient evidence he violated condition No. 17 and that his probation officer impermissibly broadened the meaning of the term "not associate." We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The facts of defendant's underlying convictions are not relevant to any issue presented on this appeal and we do not summarize them here. Defendant pled no contest to unlawful sexual intercourse with a minor more than three years younger than him. He also pled no contest to inflicting corporal injury on a specified person and admitted the truth of an attached great bodily injury allegation. The trial court placed defendant on formal probation with 364 days in jail. Condition No. 17 of defendant's probation stated: "Not associate with; FEMALES under the age of 18 years unless accompanied by an unrelated responsible adult."

Amy Depew, a senior probation officer, had an office visit with defendant on April 14, 2023. Defendant told Depew his two minor female cousins and their parents were coming to spend the weekend at the house he shared with his parents. Depew told defendant that, if he was at the residence when the two female minors were there, that would violate the terms of his probation. Depew also called defendant's father and discussed these concerns. Depew told both defendant and his father that neither defendant's girlfriend nor his aunt by marriage would be an appropriate and qualifying unrelated responsible adult. On cross-examination, Depew testified she advised that defendant could not have any contact with any minor females.

Depew had the impression defendant intended to comply with her guidance. However, she knew defendant to have a history of dishonesty, so she requested a compliance visit by the Sutter County Sheriff's Office for the next day.

At approximately 3:25 p.m. on April 15, 2023, Deputy Sean Anub went to defendant's residence with Deputy Ashlee Moseley. Defendant's father told them defendant was in the backyard. The deputies went through the house, where they

2

observed two females who were approximately 10 years old, one in the kitchen and the other in the living room. The deputies then went into the backyard where they saw defendant approximately 50 to 70 feet from the house. He was seated in a lawn chair in front of a tent.

Deputy Anub heard defendant tell Deputy Moseley that he had spent the night in the tent. Deputy Anub testified, however, that the tent did not look as though it had been slept in, and that there was no bedding anywhere near the tent. There were also no bathroom facilities in the backyard. On cross-examination, Deputy Anub acknowledged he never saw the minors near the tent and he never saw defendant near the minors.

The deputies reported their findings to Depew, Depew concluded defendant was in violation of his probation, and Deputy Moseley arrested defendant.

Defendant's father testified he picked up his brother and his family from the airport and arrived home at approximately 2:00 a.m. He had previously told defendant to be sure to get out of the house. Defendant, however, had no money for a hotel and he had nowhere to go. According to defendant's father, when he arrived at the house from the airport with his brother and his brother's family, defendant was in the house. At that time, defendant walked out. When asked if defendant went to the backyard, defendant's father responded, "I went to bed. So I don't know. He just went outside. After that, I don't know what happened. I went to sleep." (Some capitalization omitted.)

When he woke up, defendant's father saw defendant had set up a tent in the backyard. Defendant's father testified that, when they were staying at the house, the girls "probably" stayed in a room with their parents. (Capitalization omitted.) As for the lack of bathroom facilities in the backyard, defendant's father testified defendant could "find a spot in the backyard." (Capitalization omitted.) Defendant's father testified defendant was not around the female minors by himself, defendant was always away from the house, and the girls were never outside.

3

The trial court found, by a preponderance of the evidence, that defendant violated condition No. 17 by associating with females under 18 years old. The trial court sentenced defendant to five years eight months in prison.

Defendant appeals.

## DISCUSSION

" 'Penal Code section 1203.2 provides the court may revoke probation if it has reason to believe that the person has violated any of the probation conditions." (*People v. Rauen* (2011) 201 Cal.App.4th 421, 424.) The " 'facts supporting revocation need only be proved by a preponderance of the evidence.' " (*Ibid.*) "We review the trial court's probation revocation order for an abuse of discretion." (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318.)

### I

### *The Trial Court Reasonably Interpreted "Not Associate"*

Defendant asserts his probation officer should have interpreted "the word 'associate' to mean something more than being with his girlfriend in a tent set up in the backyard 30 to 40 yards away (or 50 to 70 feet away) from the residence where two 10-year-old girls were staying for the weekend for a family reunion." He employs dictionary definitions of the term "associate" to bolster his analysis.

"When attempting to ascertain the ordinary, usual meaning of a word, courts appropriately refer to the dictionary definition of that word." (*Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1121-1122; accord, *Hammond v. Agran* (1999) 76 Cal.App.4th 1181, 1189 ["in the absence of specifically defined meaning, a court looks to the plain meaning of a word as understood by the ordinary person, which would typically be a dictionary definition"].)

As relevant here, "associate" can be defined as "to join as a partner, friend, or companion" and "to come or be together as partners, friends, or companions" (Merriam-Webster's Collegiate Dict. (11th ed. 2006) p. 75, col. 1); "[t]o join as a partner, ally, or

4

friend" and "[t]o keep company" (American Heritage College Dict. (4th ed. 2007) pp. 86-87); and "to be together *with* another person or group as friends, partners, etc." (The Britannica Dict. Online (2023) <https://www.britannica.com/dictionary/associate> [as of Dec. 19, 2023], archived at <https://perma.cc/W34Z-NE9B>).

Under these definitions, defendant's spending more than a de minimis amount of time with his minor cousins in or around his parents' house is reasonably interpreted as joining them as friends to keep their company. Defendant asserts the probation officer broadened the meaning of "not associate" to prohibit defendant from having any " 'contact' " with the minor females, as distinguished from *associating* with them. But defendant did not bump into his cousins on a public street. He was in or near his parents' home in a familial and social setting where family members understandably neglect to supervise their adult and minor children at all moments. Everyone was associating in the house. The ability to access that space without permission or oversight for an extended period demonstrates that a person spending time outside the house has also come together to keep company with those inside the house.

We conclude the trial court's interpretation of condition No. 17 was reasonable and did not result from any unilateral broadening of the term's meaning by the probation officer. Accordingly, the trial court did not abuse its discretion in revoking defendant's probation. (See *People v. Urke* (2011) 197 Cal.App.4th 766, 733 ["great deference is accorded the trial court's decision, bearing in mind that '[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court' "].)

## II

*Substantial Evidence Supports The Trial Court's Finding*

*Defendant Associated With The Two Minor Females*

Defendant asserts there was insufficient evidence to prove he violated condition No. 17. We disagree.

5

We review the trial court's factual findings in a probation revocation proceeding for substantial evidence. (*People v. Butcher*, *supra*, 247 Cal.App.4th at p. 318.) In considering a substantial evidence challenge, "[w]e review the whole record most favorably to the judgment to determine whether there is substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could have made the requisite finding under the governing standard of proof." (*In re Jerry M.* (1997) 59 Cal.App.4th 289, 298.) In reviewing the sufficiency of the evidence, " '[w]e presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence. [Citation.] If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding. [Citation.] A reviewing court neither reweighs evidence nor reevaluates a witness's credibility.' " (*People v. Covarrubias* (2016) 1 Cal.5th 838, 890.)

Based on the totality of the evidence recounted above, the trial court could have reasonably found that, by being merely outside in the backyard of the house, on the property, and having free and unsupervised access to the house for an extended period, defendant was associating with his entire family, including the two minor females. The trial court could have also reasonably found defendant was in the house upon the female minors' arrival and that he associated with them before leaving the house. Further, the trial court could reasonably infer that defendant frequented the house to use a restroom based on the lack of bathroom facilities in the backyard or slept in the house based on the lack of bedding in the tent and that, while being in the house, he associated with the minor females and other family members.

It could also be reasonable to infer that defendant relieved himself in the backyard and that he either slept in the tent without bedding or had the bedding put away by the time deputies arrived in the afternoon, as defendant argues. However, as stated, in our substantial evidence review, " '[w]e presume in support of the judgment the existence of

6

every fact the trier of fact reasonably could infer from the evidence.  [Citation.]  If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding.' "  (*People v. Covarrubias*, *supra*, 1 Cal.5th at p. 890.)

Accordingly, substantial evidence supports the trial court's determination.

DISPOSITION

The judgment is affirmed.


<u>    /s/                                        </u>
ROBIE, Acting P. J.



We concur:




<u>    /s/                                        </u>
DUARTE, J.




<u>    /s/                                        </u>
KRAUSE, J.

7