Filed 10/28/24  In re K.B. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re K.B., a Person Coming Under the Juvenile Court Law. | C099350 |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>K.B.,<br><br>    Defendant and Appellant. | (Super. Ct. No. JV142420) |

Minor K.B. appeals from the juvenile court's order finding true that she violated Vehicle Code section 10851, subdivision (a) and Penal Code section 496d, subdivision (a).  She argues that the evidence was insufficient to support the findings.  Having reviewed the record, we affirm the judgment.

1

BACKGROUND

The amended wardship petition filed against minor alleged felony unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count one), felony receipt of a stolen car (Pen. Code, § 496d, subd. (a); count two), misdemeanor driving a vehicle without a valid driver's license (Veh. Code, § 12500, subd. (a); count three), and misdemeanor failure to stop at the scene of an accident (Veh. Code, § 20002, subd. (a); count four).

At the contested jurisdictional hearing in August 2023, victim K.G. testified that she drove her mother's car, a white 2018 Hyundai Sonata, at around 9:00 p.m. on March 30, 2023. When K.G. tried to leave for work the next morning, the car was not there. She reported the car as stolen to law enforcement. Neither she nor her mother knew minor; neither gave minor permission to drive the car.

The arresting officer testified that he was on patrol at 10:30 p.m. on March 31, 2023, when he received a "pod hit" notice for a stolen white 2018 Hyundai Sonata. A camera that scans license plates had filmed the car at a nearby intersection. The officer approached the intersection, saw the car, and began to follow it. He noticed that minor was the driver.

The officer eventually initiated a stop by activating his overhead emergency lights and forward-facing red light. The car was "slow to yield" and turned onto a different street. When the officer got behind the car, it "quickly" turned into a nearby parking lot. The car then started to make a U-turn but collided with a building. Four male passengers got out of the car and ran away in a southbound direction. The officer saw minor exit the car from the driver's seat and run in a westbound direction.

The officer followed minor and detained her after she tripped and fell. Minor said that she did not want to go to jail and asked to call her grandmother. She did not deny that she was driving the car. At the time of the incident, minor was 14 years old, younger than the legal age to obtain a driver's license.

2

Two of minor's cousins, who were with minor at a friend's house on the evening of March 31, 2023, also testified. They said that at around 9:00 p.m., minor left in a car being driven by a male. One cousin observed that the car was light-colored; the other that it was either gold or white. The car was either a Hyundai or a Kia, and minor got into the back seat on the passenger side. There were four people in the car. One cousin saw that the driver was wearing a ski mask.

At the close of evidence, the prosecution asked the juvenile court to dismiss count four for insufficient evidence. The court dismissed the charge.

The court found the remaining counts true. With respect to counts one and two, the court explained: "So the courts of appeal have indicated that specific intent to deprive an owner of possession of a car may be inferred from all the facts and circumstances of a particular case, with flight upon detection or apprehension being sufficient as to show such specific intent. [¶] So in light of the evidence before the Court, the Court does find that [minor's] reactions in terms of fleeing [the police officer], the statements that she made, and her conduct while he was conducting the apprehension support a true finding for Counts One and Two."

At the September 2023 disposition hearing, the juvenile court reduced counts one and two to misdemeanors. The court committed minor to one day in juvenile hall with one day of custody credit already earned. The court placed minor on six months' probation and ordered her to complete 20 hours of community service.

## DISCUSSION

On appeal, minor challenges the juvenile court's true findings on counts one and two, contending that there was insufficient evidence to establish that she knew she was driving a stolen car or that she intended to deprive the owner of possession.

As an initial matter, we note that minor's notice of appeal only refers to the juvenile court's August 2023 adjudication order, which is not an appealable order. (*In re Z.A.* (2012) 207 Cal.App.4th 1401, 1404, fn. 2.) We will liberally construe the notice,

3

however, as perfecting an appeal from the dispositional order, which is an appealable judgment. (*Ibid.*) "[T]he propriety of the adjudication order is subject to review on appeal from the dispositional judgment." (*Ibid.*)

An appellate court reviewing the sufficiency of the evidence to support a juvenile court's finding examines "the whole record most favorably to the judgment to determine whether there is substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could have made the requisite finding under the governing standard of proof." (*In re Jerry M.* (1997) 59 Cal.App.4th 289, 298.) We do not "reweigh the evidence, reappraise the credibility of witnesses or redetermine factual conflicts." (*In re Frederick G.* (1979) 96 Cal.App.3d 353, 367.)

Vehicle Code section 10851, subdivision (a) provides that "[a]ny person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle," is guilty of a criminal offense. A person can violate the provision " 'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession.' " (*People v. Garza* (2005) 35 Cal.4th 866, 876.) "Knowledge that the vehicle was stolen, while not an element of the offense, may constitute evidence of the defendant's intent to deprive the owner of title and possession." (*People v. O'Dell* (2007) 153 Cal.App.4th 1569, 1574.)

Penal Code section 496d, subdivision (a) states that "[e]very person who buys or receives any motor vehicle . . . that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained" is subject to criminal penalties. "Possession of recently stolen property itself raises a strong inference that the possessor knew the property was stolen; only slight corroboration is required to allow for a finding of guilt." (*People v. O'Dell*, *supra*, 153 Cal.App.4th at p. 1574; see generally *People v. McFarland* (1962) 58 Cal.2d 748, 754.)

In this case, there was sufficient evidence that minor knew the car was stolen. When minor drove the car, it had very recently been unlawfully taken from its owner. She was picked up in the car by a driver wearing a ski mask. When law enforcement initiated a stop, minor drove the car evasively. And after the car collided with a building, she fled on foot, and, upon arrest, told the arresting officer that she did not want to go to jail. All of these circumstances taken together were sufficient for the juvenile court to find that minor intended to deprive the owner of possession of her car in violation of Vehicle Code section 10851, subdivision (a) and that she was in possession of a car that she knew was stolen in violation of Penal Code section 496d, subdivision (a). (*In re Robert V.* (1982) 132 Cal.App.3d 815, 821 [intent to deprive owner of possession of car "may be inferred from all the facts and circumstances of the particular case"].)

Minor principally relies on *People v. Clark* (1967) 251 Cal.App.2d 868 and the court's conclusion there that the defendant's flight from law enforcement did not reflect a consciousness of guilt. The facts in that case, however, differ from those here. In *Clark*, the defendant accepted a friend's offer to drive him home after a party. (*Id.* at pp. 873-874.) A police officer saw the car go through a stop and began to pursue the car. (*Id.* at p. 873.) A high-speed chase ensued. (*Ibid.*) The car eventually crashed, and four people jumped out of the car and ran away. (*Ibid.*) The officer caught the defendant, who told the officer that he was not driving the car and did not know the car was stolen until police had initiated the stop. (*Ibid.*)

The appellate court reversed the defendant's conviction for violation of Vehicle Code section 10851. (*People v. Clark*, *supra*, 251 Cal.App.2d at p. 874.) It explained that no evidence showed that the defendant had knowingly accepted a ride in a stolen car; and no evidence supported the conclusion that the defendant was anything other than an innocent passenger. (*Ibid.*) Although the defendant ran away from officers when the car was stopped, the evidence did not show that his flight reflected a consciousness of guilt. (*Ibid.*) Rather, "the sudden acceleration of [the] vehicle when the police sought to stop it

5

for a minor offense could well have been the fact that created, for the first time, a suspicion that something was wrong and a reflex reaction that, with his [prior criminal] record, he would be well advised to disassociate himself from any subsequent proceedings." (*Ibid.*)  In this case, by contrast, minor not only fled from law enforcement when stopped, but she was also the one driving the stolen car.  Upon arrest, she told the officer that she did not want to go to jail.  And when she was first picked up in the car, the driver was wearing a ski mask.  In light of these facts, *Clark* does not support minor's contentions.

## DISPOSITION

The juvenile court's disposition order is affirmed.


/s/
FEINBERG, J.



We concur:



/s/
KRAUSE, Acting P. J.



/s/
BOULWARE EURIE, J.


6