[No. B100164. Second Dist., Div. Seven. Nov. 21, 1996.]

In re MICHAEL P., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL P., Defendant and Appellant.

## COUNSEL

Patricia G. Bell, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec and Barbara B. Dayvault, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**LILLIE, P. J.**—Michael P. appeals from the order continuing him as a ward of the court (Welf. & Inst. Code, § 602) by reason of his having committed battery with injury on a peace officer (Pen. Code, §§ 242, 243, subd. (c)). He was committed to the California Youth Authority for a maximum theoretical period of confinement of nine years, two months. He contends: "There was insufficient evidence of injury under Penal Code section 243, subdivision (c), and the offense must therefore be reduced to a Penal Code section 243, subdivision (b), battery."

### FACTS

Viewed in accordance with the usual rules on appeal (*In re Dennis B.* (1976) 18 Cal.3d 687, 697 [135 Cal.Rptr. 82, 557 P.2d 514]), the evidence established that on November 13, 1995, Edward Paez was employed as a juvenile crew instructor by the Los Angeles County Probation Department. He was assigned to work at the Los Angeles County Probation Department's juvenile facility, Camp John Munz, which is located at Lake Hughes. Paez was driving a Los Angeles County, 14-passenger club van and transporting appellant and 3 other wards of the court to the Challenger Memorial Youth Center in Lancaster. The first row of seats behind the driver was removed from the van and three rows of seats in the rear of the van remained. Appellant was seated in the first row of seats behind the driver on the passenger side in the rear of the van. Another staff member, Deputy Probation Officer Tony Leiker, was seated in the third row of seats in the van and behind appellant.

As Paez drove the van across the intersection of 60th Street West and Avenue I, they were traveling at 55 or 60 miles per hour. Suddenly, appellant, who was handcuffed, unbuckled his seat belt, got up from his seat, leaned over, lifted up one foot and started kicking the steering wheel of the

van and Paez. He kicked both Paez and the wheel "quite a few" times, hitting Paez in the chest and chin. This caused the van to begin to swerve back and forth across the roadway. Paez struggled to gain control of the van while he was fighting off appellant's foot. Paez finally slammed on the brakes, causing appellant to come flying into the front seat and hit the dashboard. The van had swung around so it was perpendicular to the road and it came to a stop on the right shoulder. Leiker was also thrown into the front seat area of the van since he had unbuckled his seat belt to assist Paez.

Appellant fell on the floor in front of the ward seated in the right front passenger seat. Another ward in the van stood up. Paez got out of his seat belt and restrained appellant with Leiker's assistance and returned him to the rear of the van. During the kicking, appellant was wailing and yelling. After Leiker had appellant on the floor in the rear of the van, kind of lying on him, and Leiker had hold of the other ward who was out of his seat, appellant said he wanted to die.

Paez testified, after being kicked by appellant, he was sore in the chest and chin. He did not report the injuries. Paez explained he did not report he had injuries to the medical staff and he did not see a nurse or doctor. No one wrote up a medical report of injuries. He was not bruised and no one took photographs of the injuries.

In defense, appellant testified his seat belt kept unbuckling. Paez slammed on the brakes and appellant went flying into the front seat. Paez socked him three times in the ribs and held him down on the floorboard. Appellant was crying and said he did not want to die. He did not get up and intentionally kick Paez.

### SUFFICIENCY OF THE EVIDENCE OF INJURY

█ The contention the evidence is insufficient to support a finding appellant committed battery with injury has merit.

█ Penal Code section 243, subdivision (f)(6), defines injury as follows: " 'Injury' means any physical injury which requires professional medical treatment."[1] There is no requirement in the statute the victim of the battery actually receive medical treatment. The language in subdivision (f)(6)

---

[1]Penal Code section 242 provides: "A battery is any willful and unlawful use of force or violence upon the person of another."

Penal Code section 243, in pertinent part, also provides: "(a) A battery is punishable by a fine of not exceeding two thousand dollars ($2,000), or by imprisonment in a county jail not exceeding six months, or by both the fine and imprisonment. [¶] (b) When a battery is committed against the person of a peace officer, custodial officer, firefighter, emergency

merely defines the degree of the injury. As was noted in *People* v. *Longoria* (1995) 34 Cal.App.4th 12 [40 Cal.Rptr.2d 213]: "It is the nature, extent and seriousness of the injury—not the inclination or disinclination of the victim to seek medical treatment—which is determinative." (*Id.* at p. 17.) The inquiry is whether there is "substantial evidence from which a rational trier of fact could have found [the officer's] injuries required professional medical treatment." (*Id.* at p. 18.)

In this case it was the threat of death and serious injury appellant created by almost causing a head-on automobile accident on the highway which makes his conduct most reprehensible. No criminal charge was alleged for that aspect of appellant's misconduct. Paez testified he suffered "soreness" from the kicking and no bruising. Paez did not further describe how hard he was kicked or his injury so as to support a finding the soreness was the sort of injury requiring professional medical treatment. The battery statute in question measures culpability by the seriousness of the inflicted injury. Hence, the witness's failure to further describe his injuries is fatal to respondent's position the evidence was indeed sufficient to support the juvenile court's finding of battery with injury on a peace officer.

medical technician, mobile intensive care paramedic, lifeguard, process server, traffic officer, or animal control officer engaged in the performance of his or her duties, whether on or off duty, including when the peace officer is in a police uniform and is concurrently performing the duties required of him or her as a peace officer while also employed in a private capacity as a part-time or casual private security guard or patrolman, or a physician or nurse engaged in rendering emergency medical care outside a hospital, clinic, or other health care facility, and the person committing the offense knows or reasonably should know that the victim is a peace officer, custodial officer, firefighter, emergency medical technician, mobile intensive care paramedic, lifeguard, process server, traffic officer, or animal control officer engaged in the performance of his or her duties, or a physician or nurse engaged in rendering emergency medical care, the battery is punishable by a fine not exceeding two thousand dollars ($2,000), or by *imprisonment in a county jail not exceeding one year,* or by both the fine and imprisonment. [¶] (c) When a battery is committed against a peace officer, custodial officer, firefighter, emergency medical technician, mobile intensive care paramedic, lifeguard, process server, traffic officer, or animal control officer engaged in the performance of his or her duties, whether on or off duty, including when the peace officer is in a police uniform and is concurrently performing the duties required of him or her as a peace officer while also employed in a private capacity as a part-time or casual private security guard or patrolman, or a physician or nurse engaged in rendering emergency medical care outside a hospital, clinic, or other health care facility, and the person committing the offense knows or reasonably should know that the victim is a peace officer, custodial officer, firefighter, emergency medical technician, mobile intensive care paramedic, lifeguard, process server, traffic officer, or animal control officer engaged in the performance of his or her duties, or a physician or nurse engaged in rendering emergency medical care, *and an injury is inflicted on that victim,* the battery is punishable by imprisonment in a county jail for a period of not more than one year, or by a fine of not more than two thousand dollars ($2,000), or by imprisonment in the state prison for *16 months, or two or three years.* [¶] (d) When a battery is committed against any person and serious bodily injury is inflicted on the person, the battery is punishable by imprisonment in a county jail for a period of not more than one year or imprisonment in the state prison for two, three, or four years. [Italics added.]"

In *People* v. *Longoria*, the officer sustained injuries the aftermath of which might not be so serious as to require medical attention—the officer was kicked in the groin and knocked to his knees. But the officer in that case testified in detail about the seriousness of the injury. The officer testified the fingers and the bottom side of his right hand were cut; one hand was crushed and, after his fall, he could not hold onto his firearm. He did not seek medical attention, but his injuries required he be placed on restrictive phone answering duty for three to five days. (*People* v. *Longoria, supra,* 34 Cal.App.4th at p. 18.) The court in *Longoria* found the injury inflicted sufficient to come within Penal Code section 243, subdivision (c).

In the absence of some further detail about Paez's soreness, we feel compelled to find the evidence of injury is insufficient to support the juvenile court's finding of a battery with injury on a peace officer in violation of Penal Code section 243, subdivision (c). The offense will be reduced to a simple battery on a peace officer in violation of Penal Code section 243, subdivision (b). The maximum theoretical period of confinement is thus properly eight years, ten months.

### DISPOSITION

The order under review is modified to provide appellant committed a violation of Penal Code section 243, subdivision (b), simple battery on a peace officer, and that his maximum theoretical period of confinement is eight years, ten months. In all other respects, the order under review is affirmed.

Johnson, J., and Woods, J., concurred.