[Nos. B181822, B181853. Second Dist., Div. Six. Aug. 22, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
JIM DARRYL HAYES, Defendant and Appellant.

## Counsel

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Lawrence M. Daniels and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**YEGAN, Acting P. J.**—Jim Darryl Hayes successfully appeals from the judgment entered following his conviction by a jury of battery with injury on a deputy probation officer in violation of Penal Code section 243, subdivision (c)(1). (B181822 (Super. Ct. Ventura County, 2005, No. 2004044097).)[1] The trial court sentenced him to prison for two years.[2]

Appellant contends that (1) the evidence is insufficient to show that he had the required mental state for battery, and (2) the trial court prejudicially erred in failing to instruct sua sponte on the lesser included offense of battery without injury on a probation officer in violation of section 243, subdivision (b). In our original unpublished opinion we affirmed the judgment. However, we granted appellant's petition for rehearing and now conclude that the trial court committed reversible error in failing to instruct sua sponte on the lesser included offense of battery on a probation officer without injury.

---

[1] All statutory references are to the Penal Code.

[2] In case No. B181853 (Super. Ct. Ventura County, 2005, Nos. 2003042218 and 2003042318) appellant filed notices of appeal from the judgments entered following revocations of probation. Probation was revoked after the jury rendered its verdict in superior court case No. 2004044097. In superior court case No. 2003042218 appellant had previously pleaded nolo contendere to resisting an executive officer (§ 69), unlawful possession of a firearm (§ 12021, subd. (c)(1)), and unlawful possession of ammunition. (§ 12316, subd. (b)(1).) In superior court case No. 2003042318 appellant had previously pleaded nolo contendere to possession of a machine gun (§ 12220, subd. (a)) and driving with a suspended license. (Veh. Code, § 14601.1, subd. (a).) Following the revocation of probation, the trial court sentenced appellant to 280 days in county jail in case No. 2003042218 and to six months in county jail in case No. 2003042318. The jail sentences were ordered to run concurrently with the prison sentence in superior court case No. 2004044097.

At appellant's request, we consolidated the appeals. In his brief, appellant does not claim any error concerning the probation revocation appeals. We therefore deem those appeals to have been abandoned and order that they be dismissed. (See *In re Jerry M.* (1997) 59 Cal.App.4th 289, 293, fn. 3 [69 Cal.Rptr.2d 148].)

*Facts*

Daniel Anaya was appellant's probation officer. He arrested appellant for violating probation and placed him in handcuffs. Appellant resisted. In response to Anaya's call for backup, additional probation officers and two deputy sheriffs came to assist him. Appellant "was very combative and hostile towards the officers . . . ." "He was kicking wildly and trying to fight as best he could with his hands behind his back, . . . using his body to try to . . . get away from the arresting officers."

Don Phillips was one of the probation officers assisting Anaya. While Phillips was holding open a door, appellant kicked a concrete ashtray that was next to Phillips. The kick appeared to be intentional. Appellant kicked "as hard as he could" and "with great force." The ashtray, which was approximately three feet high and weighed about 50 pounds, toppled over and struck Phillips in the shin, ripping his pants and inflicting "a four to four and a half inch laceration on [his] shin."

Two photographs of the laceration were received in evidence. "There was a little blood" on the laceration and "a little swelling." That night, Phillips put ice on the injury. He chose not to seek professional medical treatment because he believed that he "could deal with it on [his] own." Phillips's leg was sore for several days. It took approximately one week for the injury to heal.

*Sufficiency of the Evidence*

Appellant contends that the evidence is insufficient to show that he had the required mental state for battery. "[W]e review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.]" (*People v. Snow* (2003) 30 Cal.4th 43, 66 [132 Cal.Rptr.2d 271, 65 P.3d 749].) We must " ' "presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." ' [Citation.]" (*People v. Rayford* (1994) 9 Cal.4th 1, 23 [36 Cal.Rptr.2d 317, 884 P.2d 1369].) "[I]t is not within our province to reweigh the evidence or redetermine issues of credibility. [Citation.]" (*People v. Martinez* (2003) 113 Cal.App.4th 400, 412 [7 Cal.Rptr.3d 49].) "Reversal . . . is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' [Citation.]" (*People v. Bolin* (1998) 18 Cal.4th 297, 331 [75 Cal.Rptr.2d 412, 956 P.2d 374].)

■ The mental state required for battery is the same as that required for assault. "An assault is an incipient or inchoate battery; a battery is a consummated assault. 'An assault is a necessary element of battery, and it is impossible to commit battery without assaulting the victim.' [Citations.]" (*People v. Colantuono* (1994) 7 Cal.4th 206, 216–217 [26 Cal.Rptr.2d 908, 865 P.2d 704].) In *People v. Williams* (2001) 26 Cal.4th 779 [111 Cal.Rptr.2d 114, 29 P.3d 197], our Supreme Court clarified the mental state required for assault. The court held as follows: "[W]e hold that assault does not require a specific intent to cause injury or a subjective awareness of the risk that an injury might occur. Rather, assault only requires an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another." (*Id.*, at p. 790.) The court noted that " 'the test of natural and probable consequences is an objective one' [citation] . . . ." (*Ibid.*) Thus, "a defendant who honestly believes that his act was not likely to result in ·a battery is still guilty of assault if a reasonable person, viewing the facts known to defendant, would find that the act would directly, naturally and probably result in a battery." (*Id.*, at p. 788, fn. 3.)

Substantial evidence supports the jury's implied finding that appellant had the required mental state for battery. A reasonable trier of fact could find beyond a reasonable doubt that appellant intentionally kicked the ashtray with great force knowing that Deputy Probation Officer Phillips was standing beside the ashtray. Based on these findings, a reasonable trier of fact could further find beyond a reasonable doubt that appellant knew facts sufficient to establish that his intentional act "would directly, naturally and probably result in a battery" by causing the ashtray to fall on Phillips. (*People v. Williams, supra,* 26 Cal.4th at p. 788, fn. 3.) Appellant concedes that he intentionally kicked the ashtray with the purpose of knocking it over. It is of no consequence whether he may have honestly believed that his intentional act was unlikely to result in a battery. (*Ibid.*)

### Lesser Included Offense

■ It is undisputed that battery without injury on a deputy probation officer in violation of section 243, subdivision (b), is a lesser misdemeanor offense necessarily included within the charged felony offense of battery with injury on a deputy probation officer in violation of section 243, subdivision (c)(1).[3] Appellant contends that the trial court prejudicially erred in failing to instruct sua sponte on the lesser included offense.

---

[3] We note a possible, but inconsequential, charging error. Appellant was charged under subdivision (c)(1) of section 243 instead of subdivision (c)(2). Subdivision (c)(1) applies when a battery with injury is committed against "a nonsworn employee of a probation department." Subdivision (c)(2) applies when a battery with injury is committed against a peace officer. As used in section 243, "peace officer" includes a deputy probation officer. (§§ 243, subd. (f)(1),

■ "A trial court must instruct the jury sua sponte on an uncharged offense that is lesser than, and included in, a greater offense with which the defendant is charged 'only if [citation] "there is evidence" ' [citation], specifically, '*substantial* evidence' [citation] ' "which, if accepted . . . , would absolve [the] defendant from guilt of the greater offense" [citation] *but not the lesser*' [citation]. [Citations.]" (*People v. Waidla* (2000) 22 Cal.4th 690, 733 [94 Cal.Rptr.2d 396, 996 P.2d 46], first italics added by *Waidla*, second italics in original quotation from *People v. Memro* (1995) 11 Cal.4th 786, 871 [47 Cal.Rptr.2d 219, 905 P.2d 1305].) " ' "Substantial evidence is evidence sufficient to 'deserve consideration by the jury,' that is, evidence that a reasonable jury could find persuasive." [Citation.]' [Citation.]" (*People v. Cunningham* (2001) 25 Cal.4th 926, 1008 [108 Cal.Rptr.2d 291, 25 P.3d 519].) "In deciding whether evidence is 'substantial' in this context, a court determines only its bare legal sufficiency, not its weight. [Citations.]" (*People v. Breverman* (1998) 19 Cal.4th 142, 177 [77 Cal.Rptr.2d 870, 960 P.2d 1094].) "An appellate court applies the independent or de novo standard of review to the failure by a trial court to instruct on an uncharged offense that was assertedly lesser than, and included, in a charged offense." (*People v. Waidla, supra,* 22 Cal.4th at p. 733.)

The issue here is whether the record contains substantial evidence that would absolve appellant of battery with injury on Deputy Probation Officer Phillips, but justify conviction of the lesser included offense of battery without injury. Section 243, subdivision (f)(5), defines "injury" as "any physical injury which requires professional medical treatment." "There is no requirement in the statute the victim of the battery actually receive medical treatment." (*In re Michael P.* (1996) 50 Cal.App.4th 1525, 1528 [58 Cal.Rptr.2d 362].) "It is the nature, extent, and seriousness of the injury—not the inclination or disinclination of the victim to seek medical treatment—which is determinative. A peace officer who obtains 'medical treatment' when none is required, has *not* sustained an 'injury' within the meaning of section 243, subdivision (c). And a peace officer who does *not* obtain 'medical treatment' when such treatment is required, *has* sustained an 'injury' within the meaning of section 243, subdivision (c). The test is objective and factual." (*People v. Longoria* (1995) 34 Cal.App.4th 12, 17 [40 Cal.Rptr.2d 213].)

A reasonable jury could conclude that the injury to Phillips was not severe enough to require professional medical treatment. Phillips testified that there was only "a little blood" on the laceration and "a little swelling." Although Phillips's leg was sore for several days, he never described the degree of

---

830.5, subd. (a).) In any event, section 243, subdivision (b), is a lesser included offense of the greater offenses described in both subdivision (c)(1) and (2) of section 243.

soreness. Nor did he testify that, because of the soreness, he needed to take a pain reliever such as Tylenol or Advil. No evidence was presented that the injury had interfered with Phillips's physical activity or the performance of his duties as a deputy probation officer. Phillips decided not to seek professional medical treatment because he believed that he "could deal with it on [his] own." Two photographs of the injury—one taken on the day of the incident and the other three days later—appear to show no more than minor bruising.

■ Thus, the record contains substantial evidence that would absolve appellant of battery with injury but justify conviction of the lesser included offense of battery without injury. The trial court therefore erred in failing to instruct sua sponte on the lesser included offense.

### Harmless Error Analysis

The trial court's error "must . . . be evaluated under the generally applicable California test for harmless error, that set forth in [*People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]]." (*People v. Breverman, supra,* 19 Cal.4th at p. 176.) Pursuant to *Watson,* reversal is warranted "only if, 'after an examination of the entire cause, including the evidence' [citation], it appears 'reasonably probable' the defendant would have obtained a more favorable outcome had the error not occurred [citation]." (*Id.,* at p. 178, fn. omitted.) "Appellate review under *Watson* . . . focuses not on what a reasonable jury *could* do, but what such a jury is *likely* to have done in the absence of the error under consideration." (*Id.,* at p. 177.)

" ' "[I]n some circumstances it is possible to determine that although an instruction on a lesser included offense was erroneously omitted, the factual question posed by the omitted instruction was necessarily resolved adversely to the defendant under other, properly given instructions. In such cases the issue should not be deemed to have been removed from the jury's consideration since it has been *resolved in another context,* and there can be no prejudice to the defendant since the evidence that would support a finding that only the lesser offense was committed has been rejected by the jury." [Citations.]' [Citations.]" (*People v. Elliot* (2005) 37 Cal.4th 453, 475 [35 Cal.Rptr.3d 759, 122 P.3d 968], italics added.)

In our original opinion, we concluded that the omission of an instruction on the lesser included offense was harmless error. We reasoned: "The trial court instructed the jury as follows: 'Injury means any physical injury which requires professional medical treatment. It is the nature, extent and serious-

ness of the purported injury that is determinative, not whether the alleged . . . injured party sought medical treatment.' The court further instructed that, to find appellant guilty, it must be proved that 'injury was inflicted on the peace officer or deputy probation officer.' The verdict form returned by the jury states, 'We the Jury . . . find the defendant . . . GUILTY of violation of section 243(c)(1) of the Penal Code, Battery *with injury* on Deputy Probation Officer Don Phillips . . . .' (Italics added.) [¶] Thus, the jury necessarily determined under properly given instructions that appellant had inflicted an injury on Phillips within the meaning of section 243, subdivision (c)(1). Accordingly, the trial court's error in failing to instruct on the lesser included offense of simple battery without the infliction of injury (§ 243, subd. (b)) was harmless under *Watson*."

We attached too much significance to the "Battery with injury" language in the verdict form. That language, which was taken verbatim from the information, merely recites elements of the charged offense. Thus, by convicting appellant of the charged offense, the jury necessarily found that he had committed a "Battery with injury" irrespective of whether the verdict form contained that language. The "Battery with injury" language, therefore, is superfluous and adds nothing to the jury's guilty verdict. In these circumstances, the factual question posed by the omitted instruction on the lesser included offense has not been "resolved in another context" by the jury. (*People v. Elliot, supra,* 37 Cal.4th at p. 475.) Otherwise, the rule requiring instructions on lesser included offenses in this or similar circumstances would be effectively eviscerated.

Applying the *Watson* harmless error standard, it is reasonably probable that appellant would have obtained a more favorable outcome if the jury had not been presented with an unwarranted all-or-nothing choice between conviction of the charged offense and complete acquittal. It appears to us, as it seems to have also appeared to Deputy Probation Officer Phillips, that the injury was not severe enough to require professional medical treatment. Phillips testified that he chose not to seek such treatment because he "thought [he] could deal with it on [his] own." The photographs of Phillips's injury support his assessment of the situation. It is therefore likely that the jury would have returned a guilty verdict on the lesser included offense had the jury been given that option. The judgment, consequently, must be reversed.

*Conclusion*

The judgment is reversed in case No. B181822. However, "[w]hen a greater offense must be reversed, but a lesser included offense could be affirmed, we give the prosecutor the option of retrying the greater offense, or accepting a reduction to the lesser offense. [Citation.]" (*People v. Kelly* (1992) 1 Cal.4th 495, 528 [3 Cal.Rptr.2d 677, 822 P.2d 385].) If, after the filing of the remittitur in the trial court, the People do not bring appellant to retrial on the charged offense within the time limit of section 1382, subdivision (a)(2), the trial court shall proceed as if the remittitur constituted a modification of the judgment to reflect a conviction of the lesser included misdemeanor offense of battery without injury on a deputy probation officer in violation of section 243, subdivision (b), and shall resentence appellant accordingly. (See *People v. Edwards* (1985) 39 Cal.3d 107, 118 [216 Cal.Rptr. 397, 702 P.2d 555]; *People v. Woods* (1992) 8 Cal.App.4th 1570, 1596 [11 Cal.Rptr.2d 231]; *People v. Garcia* (1972) 27 Cal.App.3d 639, 648 [104 Cal.Rptr. 69].)

The appeals are dismissed in case No. B181853.

Coffee, J., and Perren, J., concurred.